OSCN Found Document:STATE ex rel. OKLAHOMA BAR ASSOCIATION v. EAKIN

 

 
 

 
 STATE ex rel. OKLAHOMA BAR ASSOCIATION v. EAKIN
2021 OK 56
Case Number: SCBD-7146
Decided: 11/08/2021
THE SUPREME COURT OF THE STATE OF OKLAHOMA
Cite as: 2021 OK 56, __ P.3d __

 
NOTICE: THIS OPINION HAS NOT BEEN RELEASED FOR PUBLICATION. UNTIL RELEASED, IT IS SUBJECT TO REVISION OR WITHDRAWAL. 

Â 

Â 

STATE OF OKLAHOMA ex rel. OKLAHOMA BAR ASSOCIATION, Complainant,
v.
WILLIAM WAYNE EAKIN, Respondent.

ORDER APPROVING RESIGNATION
FROM OKLAHOMA BAR ASSOCIATION
PENDING DISCIPLINARY PROCEEDINGS

Â¶1 Complainant State of Oklahoma ex rel. Oklahoma Bar Association has presented this Court with an application to approve the resignation of Respondent William Wayne Eakin, OBA No. 2588, from membership in the Oklahoma Bar Association. Respondent requests that he be allowed to relinquish his license to practice law and to resign his bar membership pending disciplinary proceedings, as detailed in his affidavit prepared in compliance with Rule 8.1, Rules Governing Disciplinary Proceedings (RGDP), 5 O.S.2011 ch. 1, app. 1-A. As provided in Rule 8.2, RGDP, the Court "may enter an order approving the resignation pending disciplinary proceedings" upon the filing of Respondent's affidavit in this Court.

Â¶2 On October 25, 2021, this Court entered an order of immediate interim suspension, pursuant to Rule 7.3, RGDP. See State ex rel. Okla. Bar. Ass'n v. Eakin, 2021 OK 53.

Â¶3 Complainant's application and Respondent's affidavit in support of resignation reflect the following:

(1) Respondent was admitted to membership in the Oklahoma Bar Association on September 11, 1975. On October 21, 2021--during the pendency of disciplinary proceedings against him--Respondent executed his written affidavit of resignation from membership in the Oklahoma Bar Association. Complainant transmitted the affidavit of resignation and filed an application for the Court's order approving Respondent's resignation on October 22, 2021.

(2) Respondent's resignation is freely and voluntarily tendered without coercion or duress. Respondent is fully aware of the legal consequences of submitting his resignation.

(3) Respondent is aware that on September 30, 2021 the Oklahoma Bar Association initiated a summary disciplinary proceeding against him pursuant to Rule 7.1 and 7.2, RGDP, in State ex rel. Okla. Bar. Ass'n v. Eakin, SCBD No. 7146, following his felony convictions and sentencing in State of Oklahoma v. William W. Eakin, Jefferson County District Court, Case No. CF-2019-6.

(4) A jury found Respondent guilty of the crimes of Offering Fraudulent Evidence, a felony, in violation of 21 O.S. Â§ 451, Offering False Instrument of Recordation, a felony, in violation of 21 O.S. Â§ 463, and Conspiracy, a felony, in violation of 21 O.S. Â§ 421. He was sentenced on September 24, 2021 to pay a fine of $250 and court costs and assessments for each conviction and juror costs.

(5) Respondent acknowledges the above-stated convictions and sentencing constitute violations of Rules 8.4(b), 8.4(c), and 8.4(d) of the Oklahoma Rules of Professional Conduct (ORPC), 5 O.S.2011, ch. 1, app. 3-A, Rule 1.3, RGDP, and the Oath of Attorney.

(6) Respondent is also aware of a pending investigation by the Office of the General Counsel of the Oklahoma Bar Association into a grievance made against him in DC-20-63, alleging Respondent confessed to fraudulently notarizing a forged title to real property. Said grievance is the basis for the felony charge of Perjury, in violation of 21 O.S. Â§ 491, filed against him in State of Oklahoma v. William Eakin, Jefferson County District Court, Case No. CF-2020-20, which is pending and scheduled for trial on February 7, 2022.

(7) Respondent acknowledges that, if proven, the above-stated grievance would constitute violations of Rules 8.4(b), 8.4(c), and 8.4(d), ORPC, Rule 1.3, RGDP, and the Oath of Attorney. Respondent is aware the burden of proving these violations rests with the OBA; however, Respondent has waived any and all right to contest the OBA allegations created by the pending grievance investigation.

(8) Respondent states that he has familiarized himself with Rule 9.1, RGDP, and agrees to comply with all provisions of Rule 9.1 within twenty (20) days following approval of his resignation.

(9) Respondent recognizes that, pursuant to Rule 8.2, RGDP, (a) the decision to approve or disapprove his resignation is in the sole discretion of the Oklahoma Supreme Court; (b) he may only be reinstated to the practice of law after full compliance with the conditions and procedures prescribed by Rule 11, RGDP; and (c) he may not apply for reinstatement of his license to practice law (and of his membership in the Bar) before the expiration of five (5) years from the date of this Order.

(10) Respondent acknowledges that, as a result of his conduct, the Client Security Fund may receive claims from his former clients. Respondent agrees that, should the Oklahoma Bar Association approve and pay such Client Security Fund claims, he will reimburse the Fund the principal amounts and the applicable statutory interest prior to the filing of any application for reinstatement.

(11) Respondent surrendered his Oklahoma Bar Association membership card to the Office of the General Counsel on October 22, 2021.

(12) Respondent agrees to cooperate with the Office of the General Counsel in the tasks of identifying (a) any active client cases wherein documents and files need to be returned or forwarded to new counsel and (b) any client case where fees or refunds are owed by him.

(13) Respondent acknowledges the Complainant has incurred costs in the investigation and prosecution of this matter and agrees he is responsible for reimbursement of these costs.

(14) Respondent's address appears on the official Bar roster as: 124 E. Broadway, Waurika, OK 73573.

Â¶4 IT IS THEREFORE ORDERED that the resignation of William Wayne Eakin tendered during the pendency of disciplinary proceedings be approved and that his resignation is deemed effective upon the filing of this Order in the Office of the Clerk of the Supreme Court of Oklahoma.

Â¶5 IT IS FURTHER ORDERED that Respondent's name be stricken from the Roll of Attorneys and--because an attorney's resignation pending disciplinary proceedings is tantamount to disbarment--he may not apply for reinstatement of his license to practice law (and of his membership in the Bar) before the lapse of five (5) years from the date of this Order.

Â¶6 IT IS FURTHER ORDERED that Respondent shall comply with all aspects of Rule 9.1, RGDP.

Â¶7 IT IS FURTHER ORDERED that repayment of any sums expended from the Client Security Fund for monies paid to former clients of Respondent shall be a condition satisfied prior to any future reinstatement.

Â¶8 IT IS FURTHER ORDERED that Complainant's application to assess costs is sustained. Respondent shall pay costs in the amount of $8.36 within twenty (20) days of the date of this Order.

Â¶9 DONE BY ORDER OF THE SUPREME COURT IN CONFERENCE THIS 8th DAY OF November, 2021.

/s/Vice Chief Justice

ALL JUSTICES CONCUR.